UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KEVIN HARRIS,

                     Plaintiff,

-against-

THE CITY OF NEW YORK, DET. HECTOR CABAN, P.O. JOSE PUELLO, P.O. JOSEPH TOWNSEND and POLICE OFFICERS "JOHN DOE" #1-5 (said names being fictitious as the true names are presently unknown), Individually and in their Official Capacities.

                     Defendants.

------------------------------------------------------------------- x

**ANSWER OF DEFENDANTS CITY OF NEW YORK, CABAN, PUELLO & TOWNSEND**

07 CV 11171 (PAC)

JURY TRIAL DEMANDED

       Defendants City of New York ("City"), Hector Caban ("Caban"), Jose Puello ("Puello") and Joseph Townsend ("Townsend"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports bring this action and to proceed as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

       5.     Defendants state that the allegations set forth in paragraph "5" of the complaint are not averments of fact to which a response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant City is a municipal entity that maintains a police department and respectfully refers the Court to the New York State Charter.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit the defendants Caban, Puello and Townsend are employed by the City of New York, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "John Doe" officers.

9. Paragraph "9" of the complaint contains conclusions of law, rather than averments of fact, and accordingly requires no response.

10. Paragraph "10" of the complaint contains conclusions of law, rather than averments of fact, and accordingly requires no response.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "12" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was arrested for Criminal Sale of a Controlled Substance in the Third Degree.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as though fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as though fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as though fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as though fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as though fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "John Doe" officers.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint, including all of its subparts.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

59. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60. Defendants City, Caban, Puello and Townsend have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61. Defendants Caban, Puello and Townsend have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62. At all times relevant to the acts alleged in the complaint, defendants Caban, Puello and Townsend acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63. Any injury alleged to have been sustained resulted from plaintiff's own conduct and was not the proximate result of any act of the defendants City, Caban, Puello and Townsend.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64. Punitive damages cannot be assessed against defendant City.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

66. Plaintiff may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the state of New York may be barred.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

67. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

68.  Plaintiff may have failed to comply with all conditions precedent to suit.

**WHEREFORE,** defendants City, Caban, Puello and Townsend request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 24, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City, Caban, Puello and Townsend
100 Church Street, Room 3-148
New York, New York 10007
(212) 788-1277

By: _____
    Joyce Campbell Privéterre (JCP 1846)
    Assistant Corporation Counsel

Index No. **07 CV 11171 (PAC)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN HARRIS,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, DET. HECTOR CABAN, P.O. JOSE PUELLO, P.O. JOSEPH TOWNSEND and "JOHN DOE" #1-5 (said names being fictitious as the true names are presently unknown), Individually and in their Official Capacities.

                          Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York, Det. Hector Caban, P.O. Jose Puello and P.O. Joseph Townsend*
Attorney for Defendants
100 Church Street
New York, N.Y. 10007

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277*
*NYCLIS No.*

Due and timely service is hereby admitted.
New York, N.Y.         , 2008
    Esq.
Attorney for